FA'AOSO MAFUA FALA, Petitioner,
v.
SOKELATI FALA, Respondent.

High Court of American Samoa
Trial Division

DR No. 02-82

August 22, 1983

GARDNER, Chief Justice.

By minute entry dated October 28, 1982 the parties in the above entitled matter were granted an absolute divorce. Various properties were divided among Petitioner and Respondent at that time, and an order entered in regard to child support and spousal maintenance. The court reserved ruling, however, on the division of Respondent's military pension until such time Congress shall have reacted to the decision of the United States Supreme Court in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589, (1981).

In deference to Congress and the superiority of federal law, the McCarty court held that military retirement benefits were not divisable in state courts upon the dissolution of a marriage. Congress promptly manifested a contrary intent and eventually enacted the Uniformed Services Former Spouses Protection Act. The key provision in that law is 10 USC 1408(c)(1) (Supp. 1983), which states:

> Subject to the limitations in this section, a
> court may treat disposable retired or retainer
> pay payable to a member for pay periods beginning
> after June 25, 1981 either as property solely
> of the member or as property of the member and
> his spouse in accordance with the law of the
> jurisdiction of such court.

The proposition that both parties to a marriage contribute equally to the union can hardly be challenged. It has therefore been the policy of this court to divide the property acquired during a marriage equally among the spouses upon dissolution. Congress has specifically determined that the High Court of American Samoa is competent to divide a military pension under the circumstances presented by this case. 10 USC 1408(a)(1). The rule generally prevailing in community property states provides that the portion of a pension earned during the marriage is divisible when the marriage fails. A like rule now pertains in American Samoa.

It appearing that Petitioner and Respondent were married during Respondent's entire term of military service, Petitioner is entitled to one half of the pension earned if and when it becomes payable. Her entitlement shall not be affected by her remarriage, but her interest cannot be disposed of by will or any other type of transfer. 10 USC 1408(c)(2). Having determined Petitioner's entitlement, we turn now to the means by which it

may be realized.

In overruling McCarty, Congress provided procedures for enforcing the substantive rights it created. Because the duration of both the marriage and the military service in this case was more than 10 years, these direct enforement procedures are available to Petitioner. 10 USC 1408(d). Counsel is directed to 10 USC 1408(b)(1)(A). That section provides that service is effected by forwarding a copy of this order to the secretary or designated agent of the appropriate service branch. The addresses of the respective secretaries are listed in the appendix to this order. Compliance with the congressionally mandated procedures and the regulations promulgated thereunder will result in direct payment to Petitioner of that portion of the pension to which she is entitled if and when the same becomes payable to Respondent.

WHEREFORE, IT IS ORDERED that Petitioner shall receive, during her lifetime, 50% of any military pension due and payable to Respondent.

IT IS FURTHER ORDERED that Petitioner's share of the pension be paid directly by the paymaster.